## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

BLACKBIRD TECH LLC d/b/a
BLACKBIRD TECHNOLOGIES,

     Plaintiff,

v.

VISION TECH AMERICA, INC.
d/b/a BOYO VISION,

     Defendant.

C.A. No. _____

JURY TRIAL DEMANDED

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Blackbird Tech LLC d/b/a Blackbird Technologies ("Blackbird Technologies")

hereby alleges for its Complaint for Patent Infringement against the above-named Defendant, on

personal knowledge as to its own activities and on information and belief as to all other matters,

as follows:

### THE PARTIES

1.    Plaintiff Blackbird Technologies is a limited liability company organized under

the laws of Delaware, with its principal place of business located at One Boston Place, Suite

2600, Boston, MA 02108.

2.    On information and belief, Defendant Vision Tech America, Inc. d/b/a Boyo

Vision ("Defendant" or "Vision Tech") is a corporation organized under the laws of California,

with its principal place of business located at 1452 E. Valencia Dr., Fullerton, CA 92831.

## JURISDICTION AND VENUE

3.      This is an action for patent infringement arising under the provisions of the Patent Laws of the United States of America, Title 35, United States Code §§ 100, *et seq*.

4.      Subject-matter jurisdiction over Blackbird Technologies' claims is conferred upon this Court by 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (patent jurisdiction).

5.      This Court has personal jurisdiction over Defendant because Defendant is subject to at least specific jurisdiction in the State of Delaware.   Defendant has established minimum contacts with this forum.   Defendant regularly conducts business in Delaware, including by offering to sell and/or selling products, such as rearview system products including infringing rearview system products, in Delaware as well as inducing and contributing to the infringement by persons in Delaware.      Defendant also operates an interactive website (www.visiontechamerica.com) designed and intended to reach Delaware customers.   Through its website, Defendant promotes, markets, and advertises rearview systems, including infringing rearview systems, to Delaware customers, and also solicits inquiries from customers regarding such systems.   On its website, Defendant refers customers to multiple local dealers incorporated and located in Delaware in order to purchase rearview systems, including infringing rearview systems.   Defendant's website additionally recites a warranty applicable to Defendant's rearview systems, including infringing rearview systems, purchased in Delaware by Delaware customers, and includes instructions for Delaware customers on how to return defective products to Defendant.   Defendant also offers and sells rearview systems, including infringing rearview systems, to Delaware customers through at least one distributor that specifically serves Delaware customers, and also several online retailers, many of which are incorporated in Delaware with at

2

least one having multiple physical facilities in Delaware, that offer and sell infringing rearview systems to Delaware customers.  Defendant's actions constitute patent infringement in this District in violation of 35 U.S.C. § 271, and Defendant has placed infringing products into the stream of commerce, with the knowledge and understanding that such products are imported, made, used, sold and/or offered for sale in this District.  The acts by Defendant have caused injury to Blackbird Technologies within this District.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and § 1400(b) and because Defendant transacts business within this District and has sold and/or offered for sale in this District products that infringe U.S. Patent No. 7,106,183.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,106,183

7. Blackbird Technologies reasserts and incorporates herein by reference the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

8. On September 12, 2006, U.S. Patent No. 7,106,183 (the "'183 Patent") entitled, "Rearview Camera and Sensor System for Vehicles," a true and correct copy of which is attached hereto as Exhibit 1, was duly and legally issued by the U.S. Patent and Trademark Office ("USPTO").  Blackbird Technologies is the owner by assignment of all right, title, and interest to the '183 Patent, including all right to recover for any and all infringement thereof.

9. The '183 Patent is valid and enforceable.

10. Defendant has directly infringed literally and/or under the doctrine of equivalents one or more of the claims of the '183 Patent, including at least claim 13, by making, using, importing, selling and/or offering to sell, in this judicial district and/or elsewhere in the United States, at least the Boyo Vision VTS-H100SR and VTS-T100SR rearview systems (*see* Exs. 2-5) in conjunction with compatible displays, for example, the Boyo Vision VTM7000S display (*see*

3

Ex. 6).   According to Defendant, each of the Boyo Vision VTS-H100SR and VTS-T100SR rearview systems is an "[i]ntegrated parking sensor and reversing camera … [w]ith double sensor," wherein "[d]istance and image information shows on the display …."   (*See* Ex. 4). Defendant's infringing activities violate 35 U.S.C. § 271(a).

11.     Defendant learned of the '183 Patent no later than on or about January 31, 2013.

12.     On or about January 31, 2013, the USPTO cited the '183 Patent as prior art during the prosecution of U.S. Patent Application No. 25/435,839, which later issued as U.S. Patent No. D685,307 (the "D'307 Patent"), entitled "Full Framed License Plate Camera with LED White Lights," on July 2, 2013.   The '183 Patent is cited on the face of the D'307 Patent.   The sole named inventor on the D'307 Patent is Dae Kwon Chung, and the D'307 Patent is assigned on its face to Defendant.

13.     On or about May 8, 2013, the USPTO again cited the '183 Patent as prior art during the prosecution of U.S. Patent Application No. 25/448,280, which later issued as U.S. Patent No. D692,815 (the "D'815 Patent"), entitled "Slim License Plate Camera with LED Lights," on November 5, 2013.   The '183 Patent is cited on the face of the D'815 Patent.   The sole named inventor of the D'815 Patent is Mr. Chung, and the D'815 Patent is assigned on its face to Mr. Chung.

14.     Defendant's website identifies Mr. Chung as the President & CEO of Defendant. Mr. Chung authorized one or more patent attorneys to act on his behalf during the prosecution of the D'307 and D'815 Patents.   Upon information and belief, as President & CEO, Mr. Chung exercises control over all aspects of, and is involved in, Defendant's operations, including the design and patenting of Defendant's products as well which products to sell and also the manner of promoting, marketing, and advertising of such products.   To the extent Defendant deliberately

did not become aware of the '183 Patent through its patent prosecution activities, Defendant was willfully blind to the existence of the '183 Patent.

15.     Upon information and belief, the owner(s) of the '183 Patent have complied with 35 U.S.C. § 287(a) at all relevant times.

16.     Defendant will again be notified of the existence of the '183 Patent on or about the date of the filing of this Complaint.

17.     Defendant has knowingly and intentionally actively induced the infringement of one or more of the claims of the '183 Patent, including at least claim 13, under 35 U.S.C. § 271(b).  Defendant has knowingly and intentionally specifically encouraged and instructed others such as installers and end customers to combine rearview systems such as the Boyo Vision VTS-H100SR and VTS-T100SR rearview systems with compatible displays, and by specifically promoting, marketing, and advertising rearview systems such as the Boyo Vision VTS-H100SR and VTS-T100SR rearview systems as useful with compatible displays, with the specific intent that others such as installers and end customers make, use, offer to sell, and/or sell rearview systems (such as the Boyo Vision VTS-H100SR and VTS-T100SR rearview systems in combination with compatible displays) in a manner that infringes at least claim 13 the '183 Patent.  (*See* Exs. 2-5).  Upon information and belief, Defendant provides each of the Boyo Vision VTS-H100SR and VTS-T100SR rearview systems with instruction manual(s) that instruct others such as installers and end users to use these systems with compatible displays. Upon information and belief, Defendant does not encourage or instruct others such as installers and end users to use the Boyo Vision VTS-H100SR and VTS-T100SR rearview systems without a compatible display.

18.     Defendant has also contributed to the infringement of one or more of the claims of the '183 Patent, including at least claim 13, under 35 U.S.C. § 271(c).  Defendant has knowingly and intentionally offered to sell and sold within the United States and/or imported into the United States rearview systems such as the Boyo Vision VTS-H100SR and VTS-T100SR rearview systems that constitute a material part of rearview systems covered by the '183 Patent, such as claim 13 of the '183 Patent, knowing such rearview systems to be especially made or especially adapted for use in infringing the '183 Patent when combined by others such as installers or end customers with a compatible display.  Rearview systems provided by Defendant, such as the Boyo Vision VTS-H100SR and VTS-T100SR rearview systems, are not staple articles or commodities of commerce suitable for substantial non-infringing use, for example, as such systems provided by Defendant are only meaningfully useful with compatible displays.

19.     Defendant has willfully infringed the '183 Patent.  An objectively high likelihood existed that Defendant's actions constituted infringement, as readily shown by a comparison of the '183 Patent and the infringing rearview systems identified herein, and Defendant either knew or should have known about the risk of infringement, given Defendant's knowledge of the '183 Patent and the design and intended use of its own products.

20.     Blackbird Technologies is informed and believes, and on that basis alleges, that Defendant has gained profits by virtue of its infringement of the '183 Patent.

21.     Blackbird Technologies has sustained damages as a direct and proximate result of Defendant's infringement of the '183 Patent.

22.     As a consequence of Defendant's infringement of the '183 Patent, Blackbird Technologies is entitled to the recovery of past damages in the form of, at a minimum, a reasonable royalty.

23.     Upon information and belief, Defendant will continue to infringe the '183 Patent unless enjoined by this Court.

24.     As a consequence of continued infringement of the '183 Patent by Defendant complained of herein, Blackbird Technologies has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts unless Defendant is enjoined by this Court from committing further acts of infringement. Blackbird Technologies has no adequate remedy at law.  In the event this Court determines that it will not award injunctive relief, this Court should require Defendant to pay damages for past infringement of the '183 Patent and royalties for its infringement of the '183 Patent on a going-forward basis.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Blackbird Technologies respectfully requests that this Court enter judgment against Defendant, as follows:

A.     Adjudging that the '183 Patent is valid and enforceable;

B.     Adjudging that Defendant has infringed one or more claims of the '183 Patent, including at least claim 13, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271;

C.     An award of damages to be paid by Defendant adequate to compensate Blackbird Technologies for its past infringement and any continuing or future infringement up until the date such judgment is entered, and in no event less than a reasonable royalty, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Blackbird Technologies for Defendant's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

D.      Granting Blackbird Technologies permanent injunctive relief pursuant to 35 U.S.C. § 283 enjoining Defendant, its officers, agents, servants, employees, affiliates, and those persons in active consort with them from future acts of patent infringement of the '183 Patent;

E.      In the event that this Court determines that it will not enter injunctive relief, ordering Defendant to continue to pay royalties to Blackbird Technologies for infringement of the '183 Patent on a going-forward basis;

F.      This case be judged exceptional under 35 U.S.C. § 285, and costs and attorney's fees be awarded to Blackbird Technologies;

G.      Awarding Blackbird Technologies enhanced damages under 35 U.S.C. § 284 based on Defendant's willful infringement;

H.      Awarding Blackbird Technologies pre-judgment and post-judgment interest at the maximum rate permitted by law on its damages; and

I.      Blackbird Technologies be granted such further relief as this Court deems just and proper under the circumstances.


<u>DEMAND FOR JURY TRIAL</u>

Blackbird Technologies demands a trial by jury on all claims and issues so triable.

Dated:  May 5, 2016

OF COUNSEL

Christopher Freeman
cfreeman@blackbird-tech.com
Wendy Verlander
wverlander@blackbird-tech.com
David Gerasimow
dgerasimow@blackbird-tech.com
Blackbird Tech LLC d/b/a
Blackbird Technologies
One Boston Place, Suite 2600
Boston, MA 02108
617.307.7100

STAMOULIS & WEINBLATT LLC

*/s/ Stamatios Stamoulis*
Stamatios Stamoulis #4606
    stamoulis@swdelaw.com
Richard C. Weinblatt #5080
    weinblatt@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540

*Attorneys for Plaintiff*
*Blackbird Tech LLC*
*d/b/a Blackbird Technologies*